UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-61023-RAR-Ruiz/Strauss

MATTHEW BUCKLEY and
TOP GUN OPTIONS, LLC,
     Plaintiffs,

v.

EMMETT MOORE and
TRADINGSCHOOLS.ORG,
     Defendants.

                                 /

**DEFENDANTS' MOTION FOR INVOLUNTARY DISMISSAL**

Defendants Emmett Moore and Tradingschools.org (collectively "Defendants"), by and through their undersigned counsel, hereby file their Motion for Involuntary Dismissal with Prejudice, pursuant to Fed. R. Civ. P., Rule 41(b), or in the alternative, a request for an order to show cause as to why this case should not be dismissed under Rule 11, for the following reasons:

**I. INTRODUCTION**

Plaintiffs Matthew Buckley and Top Gun Options, LLC's (collectively "Plaintiffs") Second Amended Complaint should be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P., Rule 41(b) because the individual who filed the original complaint, the First Amended Complaint, the Second Amended Complaint, provided sworn affidavits, filed a declaration to this very Court, all as "Matthew Buckley," perpetrated fraud upon this Court and in the proceedings by intentionally hiding his real identity.

Plaintiffs' willful failure to prosecute their case under the legal name of the real party in interest, or "Edward Buckley," has caused and will cause undue prejudice to Defendants' case. As such, a dismissal with prejudice is the only remedy to correct the current harm to and future harm to Defendants by Plaintiffs' use of a fake name or pseudonym in this matter.

1

## II. RELEVANT BACKGROUND

On March 22, 2020, Plaintiffs filed their original complaint, purportedly on behalf of an individual named "Matthew Buckley."  See D.E. No. 1.  In that complaint, Plaintiff "Matthew Buckley" seeks redress for alleged harms to him personally, and as the founder, owner, and presumed person most qualified for Plaintiff Top Gun Options, LLC.  See id. at ¶ 22.  After receiving leave of court, Plaintiffs filed their First Amended Complaint and Second Amended Complaint under the same Plaintiff name, "Matthew Buckley."  See D.E. Nos. 27 & 46. Plaintiffs appeared for hearing on Defendants' Motion to Dismiss on January 21, 2021, on behalf of "Matthew Buckley" as well.

During discovery, Plaintiff "Matthew Buckley" executed verifications to interrogatories under the same pseudonym.  See Declaration of Susanne Arani ("Arani Decl.") at Ex. 1. Subsequently, "Matthew Buckley" filed and executed a declaration to this Court under oath under the name "Matthew Buckley."  See id. at Ex. 2.  Counsel notified Plaintiff via email that it could be seeking sanctions under Fed. R. Civ. P., Rule 17 for failure to file under the real party in interest, "Edward Buckley."  See id. at Ex. 6.  Subsequently, Plaintiffs admitted that "Edward Matthew Buckley" is Plaintiff's legal name in requests for admissions, however, verified those responses once again under the fake identity of "Matthew Buckley."  See id. at Ex. 3.

It is believed that the real party in interest, Mr. Edward Buckley, stopped using his legal name in his personal life and in this case and another case as a plaintiff to disguise the full nature of his public profile and reputation.  This change appeared to occur after or around the time the real party in interest, Mr. Edward Buckley, was involved in a series of lawsuits under his legal name prior to moving to Florida and incorporating Top Gun Options, LLC as "Edward

Buckley."[1]

Afterwards, Mr. Edward Buckley publicized himself under the pseudonym "Matthew Buckley," while doing charitable volunteering and on his website. See id. Ex. 4. This pattern of using a pseudonym of "Matthew Buckley" does not apply to matters in which Plaintiff is sued or noticed under his legal name of "Edward Buckley," such as the pending criminal matter against Mr. Edward Buckley, or IRS notices of liens.[2] In those cases or instances, Mr. Buckley responds, as he must, under his legal name of "Edward Buckley." However, Mr. Edward Buckley has filed a claim in the Fifteenth Judicial Circuit, County of Palm Beach for wind damage to property, again under the false name "Matthew Buckley,"[3] arguably in order to shield his public record and prior cases, as it is inconceivable why anyone or any attorney would file a case under a fake name.

At this point in this matter, Plaintiffs have knowingly been pursuing this case against Defendants under a non-legal, and non-party in interest by the name of "Matthew Buckley." Recourse in the form of an amendment to the complaint in this matter will only aggravate the prejudice to Defendants because discovery will have to be performed again, this time, with Plaintiffs' knowledge of Defendants' theory of its defense, including additional considerable

---

[1] In Re The Interest of G.M, a minor, et al. v. Edward Matthew Buckley, et al., Case No. 09-F-49 (Il. 17th Cir., Boone County); In Re The Interest of G.M., a minor, et al. v. Edward Matthew Buckley et al., Case No. 2014-1135 (Il. 17th Cir., County of Winnebago); Wells Fargo Bank, N.A. v. E. Matthew Buckley & Susan E. Buckley, Case No.: 2011CA018265, (Fl. 15th Cir. Nov. 14, 2011); Complaint in Colonial Savings, F.A. v. E. Matthew Buckley and Susan E Buckley, Case No.: 2010CH005215 (Il. Will County); Edward Buckley v. Peak6 Media, LLC, Case No. 10-cv-3901 (N.D. Il., 2010).
[2] State of Florida v. Edward Buckley, Case No. 50-2021-CT-005590-AXXX-SB (Fl. 15th Cir., Palm Beach County); Public liens for "Edward Buckley" available at http://oris.co.palm-beach.fl.us/or_web1/or_sch_1.asp.
[3] Susan Buckley and Matthew Buckley v. Universal Property and Casualty Insurance Company, Case No. 50-2020-CA-012770-XXXX-MB, (Fl. 15th Cir., Palm Beach County).

expense.  At the time this motion was preprepared, Defendants are in the process of seeking Plaintiff Mr. Buckley's financial records via subpoena, however, since this name is not the legal name tied to any brokerage account, Defendants suspect it will not receive key evidence to the defense of defamation relating to Mr. Edward Buckley's trading history, or lack thereof.

Furthermore, Defendants have moved and will move for attorneys' fees as to Plaintiffs' alleged violation of Florida's Deceptive and Unfair Business Practices Act and/or Florida or California's anti-SLAPP statute as the potential prevailing party for failed claims.  As such, Defendants cannot *effectuate an order of fees against a fictional person* should they prevail on a motion for summary judgment, or at trial.  Neither can Defendants be liable for harm to a party that is not the real party in interest.  Therefore, in the interests of justice for Plaintiffs' willful failure to plead their case under a real party in interest, or their failure to seek leave to file under a pseudonym under Rule 17, Plaintiffs' complaint must be dismissed.

### III. ARGUMENT

Federal Rules of Civil Procedure, Rule 10(a) states, "[T]he title of the complaint must name all the parties."  Similarly, Fed. R. Civ. P., Rule 17(a) mandates that, "[A]n action must be prosecuted in the name of the real party in interest.  Federal Rules of Civil Procedure, Rule 11(b) forbids lying in pleadings, motions and other papers filed with the Court, and Rule 41(b) states, "[I]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The purpose of Rule 17(a) is to ensure a judgment will have the proper *res judicata* effect by preventing a party not joined in the complaint for asserting the "real party in interest" status in an identical future suit.  See Puerto Rico v. Cordeco Development Corp., 534 F. Supp. 612, 614 (D.P.R. 1982).

As this District has already stated with respect to pseudonyms and real parties in interest claims under Rule 41(b), "'A trial is not a masquerade party, nor is it a game of judicial hide-n-seek where the plaintiff may offer the defendant the added challenge of uncovering his real name.'" Aguilar v. United Floor Crew, Inc., Case No.: 14-civ-61605 BLOOM/Valle (S.D. Fla., May 20, 2015)(quoting Zocaras v. Castro, 465 F. 3d 479, 484 (11th Cir. 2006). In Aguilar, the Court was confronted with a similar situation where the Plaintiff sued under the name of "Raul Aguilar," but whose name was believed to be "Manuel Aguliar." Id. at p. 2-3. In that case as well, Plaintiff executed verifications and notarizations to discovery under the false name of "Raul Aguilar." Id. at p. 4. The Court noted the standard for dismissal under Rule 41(b), as articulated by the Eleventh Circuit, is that there must be 1) a clear record of willful conduct and 2) a finding that lesser sanctions are unavailable. Id. at p. 12 (citing Betty K. Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005). In addition, negligence and confusion are not sufficient to justify a finding or willful misconduct that would warrant a dismissal with prejudice. Id. at p. 13.

The Aguilar Court found that a plaintiff's identity is central to any civil litigation, and that permitting monetary sanctions for discovery abuses would "reward Plaintiff with a do-over," and would further harm the defendants in that case because the plaintiffs would have knowledge of the defense's litigation strategy after approximately eight months of litigation. Id. at 23. As such, the Court cited to the Seventh Circuit and quoted Dotson v. Bravo, 321 F.3d 663, 668 (7th Cir. 2003) for holding that, "Filing a case under a false name deliberately, and without sufficient justification, certainly qualifies as flagrant contempt for the judicial process and amounts to behavior that transcends the interests of the parties in the underlying action."

The record is clear that at some point, at best after the complaint was filed, Plaintiffs and

5

their counsel realized that Plaintiff Matthew Buckley was really Plaintiff Edward Buckley. This can be shown from Plaintiff's discovery responses regarding Peak6 LLC litigation where Plaintiffs acknowledged the case, filed by Edward Buckley, as a case this Plaintiff was a party to. See Arani Decl. at Ex. 5. Despite this, Plaintiff verified those responses under a false name, and swore under oath to this Court that his name was "Matthew Buckley," in another recent instance. See Arani Decl. at Exs. 1 & 2. Worse yet, Plaintiff admitted his legal name and therefore the real party in interest was "Edward Matthew Buckley" in response to a request for admission, but verified that response again under the fake name of "Matthew Buckley." Id. at Ex. 3. As such, it's clear that after approximately twelve months of litigation and two amendments to the complaint that Plaintiffs have no interest in prosecuting this case under the real party in interest, and are treating this case as a sham pleading to bully Defendants into taking down a non-tortious, generous review of the Plaintiffs. The very filing of this complaint under a fake name is *res ipsa loquitor* for lack of diligence at best, but willful and knowing fraud on the federal courts at worst since the original complaint was filed.[4]

As to prejudice, it is true that Defendants and their counsel believed Plaintiff had sued as "Edward Buckley" in the past. See Arani Decl. at ¶4. However, it was not until recently when Plaintiffs admitted Plaintiff's name was "Edward Buckley" and after Mr. Buckley's recent criminal charges that Defendants realized the magnitude of the prejudice Defendants will have in this case moving forward against a Plaintiff suing under a false name. For example, despite Plaintiff's admission as to his legal name of "Edward Buckley," *res judicata* may not apply

---

[4] It should go without saying that pacer.gov is an official, government website for official, public court records on behalf of the federal judiciary. Disguising Plaintiff's true identity in this matter has resulted in a corrupted public record that will be difficult if not impossible to correct or rehabilitate, absent dismissal under Rule 41(b).

unless this Court intervenes by dismissing Plaintiffs' claims.

Furthermore, comprehensive discovery has taken place by both Plaintiffs and Defendants. At no fault to Defendants, any order not dismissing the claims after over a year of this case's filing would force Defendants to incur additional costs.  In addition, Plaintiffs would have the advantage, as the Aguilar Court stated, in knowing what the Defendants' strategy and defenses are, and therefore have an unfair advantage for knowingly filing a claim under a fake name. Further, Defendants should not have to wait for a ruling on a motion for summary judgment motion on this issue, nor should Defendants have to brief a clear and convincing record of foul play and prejudice to their case on this issue.

Most importantly, Defendants have stated in their motion to dismiss that they are seeking attorneys' fees under either Florida or California's anti-SLAPP statute in that motion or a future motion.  Defendants cannot effectuate a judgment against a fake person who has no financial record as "Matthew Buckley."  It can only do so with respect to the real party in interest, "Edward Buckley."  The same is true for prevailing under FDUTPA for Defendants' attorneys' fees.   Attorneys' fees therefore essentially reach all aspects of Plaintiffs' filed complaint.  In short, this case cannot proceed as filed, and dismissal is the only mechanism at this point that will not cause further prejudice to Defendants.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request an order dismissing Plaintiffs' second amended complaint.  In the alternative, Defendants respectfully request that the Court issue an order showing cause, and for sanctions, under Rule 11 with respect to the filing and prosecution of Plaintiffs' case under a false name.

## RULE 7.1 CERTIFICATION

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated:  June 12, 2021                    Respectfully Submitted,

__/s/Susanne  Arani__

Susanne Arani, Esq.
Arani Law
*Admitted Pro Hac Vice*
California Bar No. 238891
susarani@gmail.com
1028 Rosario Lane
Vista, California  92084
Tel.: (760) 331-8426

__/S/Matthew Fornaro__

Matthew Fornaro, Esq.
Matthew Fornaro, P.A.
Florida Bar No.:  0650641
mfornaro@fornarolegal.com
11555 Heron Bay Blvd., Ste. 200
Coral Springs, FL 33076
Tel.: (924) 324-3651

*Attorneys for Defendants Emmett Moore &*
*Tradingschools.org*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 12, 2021, a true and correct copy of Defendants' Motion for

Involuntary Dismissal, the Declaration of Susanne Arani, Esq. with Exhibits 1 through 6, were

electronically filed via CM/ECF system, which will send notice of the electronic filing to all

counsel of record.

By: ___/S/Matthew Fornaro_____
Matthew Fornaro