UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61023-RUIZ/STRAUSS

MATTHEW BUCKLEY, *et al.*,

    Plaintiffs,

v.

EMMETT MOORE, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO ENFORCE SETTLEMENT

This cause is before me on Plaintiffs' Motion to Enforce the Settlement Agreement and Request for Dismissal ("Motion") (DE 119). The District Court has referred the Motion to me, pursuant to 28 U.S.C. § 636(b)(1)(A), to take all action as required by law. (DE 120). I have reviewed the Motion, Defendants' response (DE 122), and Plaintiffs' reply (DE 125).[1] Based on that review, I respectfully **RECOMMEND** that the Court **GRANT** Plaintiffs' motion **IN PART** and direct the parties to execute a stipulation of dismissal with prejudice. However, I **RECOMMEND** that the Court decline to impose sanctions on Defendants or afford the other forms of relief requested by the Motion.

## BACKGROUND

The parties entered into a settlement agreement during a settlement conference before me on September 3, 2021. (DE 106; DE 115). As described in the Motion, the material terms of the agreement, which I recited on the record, were as follows:

First, Mr. Buckley agrees to post documented results of his actual trading activity

---

[1] Because Defendants do not oppose the relief that Plaintiffs seek (dismissal of this action with prejudice and removal of the content at issue from Defendants' website), I decline to address the parties' contentions regarding other perceived breaches of the agreement.

>     for the years 2020, 2021, 2022 publicly, and he will do so by March 31st of 2023.
>
>     Mr. Moore, or defendants, agree to take down the three articles or posts on TradingSchools.org concerning Mr. Buckley and this lawsuit, as well as any comments to those articles. The parties will share copyright of those three articles until the term of Mr. Buckley posting his trading results through 2022 is satisfied. Once he has satisfied that term, the parties agree that the copyright over the three existing articles will be owned solely by Mr. Buckley.
>
>     Mr. Moore agrees that he will not respond to any third-party comments regarding Mr. Buckley, his family, his business or his foundation on TradingSchools.org. If any -- he also -- the defendants also agree to take down any disparaging comments made by -- in the future against Mr. Buckley, his family, his business or his foundation, if Mr. Buckley contacts Mr. Moore or his counsel, contacts Mr. Buckley -- Mr. Moore's counsel informing them of those disparaging comments.
>
>     The parties mutually agree to a non-disparagement clause. That means they will not disparage each other nor Mr. Buckley's family, his business, Top Gun Options, LLC or his charitable foundation.
>
>     If there is a breach of the obligation to post the trading results previously mentioned, that would relieve the Defendants of their obligations under the non-disparagement clause. However, if Mr. Buckley fulfills his obligations to post his trading results for 2020, 2021 and 2022, the non-disparagement clause becomes permanent and indefinite.
>
>     The parties agree to a mutual waiver of any claims that currently exist between them, known or unknown, including dismissal of the current operative complaint and counterclaim [and a pending lawsuit in Palm Beach County].

(DE 115 at 12-13). The parties each acknowledged their agreement with those material terms. *Id*. at 14.

Although the Court administratively closed this case that same day and directed the parties to file a stipulation of dismissal within 30 days (DE 107), the parties never filed that stipulation. Plaintiffs' Motion asks the Court to enforce the settlement agreement in two ways: (1) compel Defendants to remove the website content described above and (2) dismiss the case with prejudice. (DE 119 at 11). Plaintiffs also ask the Court to retain jurisdiction to enforce the material terms of the settlement agreement. *Id*. They further seek sanctions, pursuant to 28 U.S.C. § 1927 and the

2

Court's inherent powers, for Defendants' alleged refusal to comply with the settlement agreement and other conduct throughout the case. *Id*. at 9-10.

Defendants do not dispute that the parties have an enforceable settlement agreement on the material terms agreed to at the settlement conference and do not oppose dismissal of the case (or, more specifically, request that the Court require Plaintiffs to sign a joint stipulation of dismissal). (DE 122 at 2, 3, 19). Defendants also represent that they are willing (or, at least, were willing at the time the Motion was filed) to remove the website conduct at issue once the parties filed a stipulation of dismissal. *Id*. at 2. The remainder of the response and Plaintiffs' reply contain various allegations and arguments about whether either party has or has not breached other provisions of the settlement agreement and which party's conduct is more deserving of sanctions.

Thus, the parties clearly agree that they have an enforceable agreement and that this case should be dismissed. The remaining sources of disagreement are whether this Court should retain jurisdiction to enforce the settlement agreement, whether (and how) the Court should resolve the parties' allegations of breach against each other, and whether the Court should award sanctions.

## **ANALYSIS**

First, I find (and the parties both apparently agree) that the parties entered into an enforceable settlement agreement at the conclusion of the September 3 settlement conference when both parties agreed to the material terms stated on the record. The material terms of the agreement plainly included the parties waiving any existing claims against each other and dismissing their respective complaint and countercomplaint. Thus, the Court should direct the parties to file a stipulation of dismissal (as it already has) or, alternatively, dismiss the complaint and the countercomplaint with prejudice.

Second, the Court should not retain jurisdiction to further enforce the settlement agreement. It is unclear whether Plaintiffs, by their Motion, are asking the Court to retain jurisdiction to enforce the settlement agreement *after* dismissing the case or to retain jurisdiction to enforce the settlement agreement by delaying dismissal until after the Court resolves all the various allegations of breaches (and asserted remedies in light of alleged breaches). In their Reply, Plaintiffs acknowledge that the Court cannot retain jurisdiction to enforce a settlement agreement following a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) absent the parties agreeing and conditioning that stipulation on the Court retaining jurisdiction. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279-1280 (11th Cir. 2012). Indeed, from the Response and the Reply, it appears that disagreement between the parties about conditioning dismissal upon the Court retaining jurisdiction may be the primary reason why Plaintiffs filed the instant motion rather than filing the required stipulation. *See* (DE 122 at 2-3; DE 125 at 2). However, the material terms of the parties' agreement, as stated on the record and accepted by both parties, did not include an agreement to condition their dismissal on requesting the Court to retain jurisdiction. Therefore, the Court should (again) instruct the parties to file their stipulation of dismissal, as their settlement agreement requires, and decline to retain jurisdiction over further issues in the case.[2]

As for Plaintiffs' request for sanctions, I find that Plaintiffs have not articulated a sufficient basis to award sanctions. Plaintiffs seek sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent powers. "A sanctions motion under either a court's inherent powers or § 1927 requires a

---

[2] Without expressing any opinion on the parties' various allegations and arguments about whether any party has breached the other terms of the settlement agreement or whether any party is consequently relieved of its obligations to perform other terms of the settlement agreement, I observe that it is still in all parties' best interests to abide by, and perform under, all the terms of the agreement following dismissal.

4

showing that the party acted in bad faith." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020). A party moving for sanctions under a court's inherent powers must show *subjective* bad faith and a party moving for sanctions under § 1927 must show *objective* bad faith. *Id.* Subjective bad faith requires either direct evidence of an attorney's bad faith or evidence of conduct "so egregious that it could be only committed in bad faith." *Id.* (quoting *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224 (11th Cir. 2017)). On the other hand, objective bad faith requires evidence that the attorney acted "knowingly or recklessly." *Id.* This is a "high standard" requiring the movant to show that the other party engaged in behavior that "grossly deviates from reasonable conduct." *Id.*

I find that Plaintiffs have met neither the high objective standard required under § 1927 nor the subjective standard required under the "inherent powers" doctrine. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("A court must, of course, exercise caution in invoking its inherent power."). It does not appear that the Defendants are attempting to renege on the settlement agreement. *Cf. Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002); *Fiore Indus., Inc. v. Ericsson*, CV 18-1218 SCY/JFR, 2021 WL 5095992, at *5 (D.N.M. Sept. 3, 2021). Rather, Defendants have indicated in their response that they are willing and ready to comply with the settlement agreement and complete a stipulation of dismissal. Thus, I find that imposing sanctions is not warranted.

## **CONCLUSION**

For the foregoing reasons, I respectfully **RECOMMEND** that the Court **GRANT** Plaintiffs' Motion (DE 119) **IN PART** and direct the parties to execute a stipulation of dismissal with prejudice.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida on this 1st day of April 2022.

*[signature]*
Jared M. Strauss
United States Magistrate Judge

Copies furnished counsel via CM/ECF