UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-61023-RAR

**EDWARD MATTHEW BUCKLEY**, *et al.*,

    Plaintiffs,

v.

**EMMETT MOORE**, *et al.,*

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Magistrate Judge Jared M. Strauss's Report and Recommendation, [ECF No. 128] ("Report"), on Plaintiffs' Motion to Enforce the September 3, 2021 Good Faith Court-Mediated Settlement and Request for Dismissal [ECF No. 119] ("Motion"), filed on April 1, 2022.  The Report recommends that the Court **GRANT** Plaintiffs' Motion ***in part***—directing the parties to execute a stipulation of dismissal with prejudice, refusing to retain jurisdiction to further enforce the settlement agreement, and declining to impose sanctions on Defendants or afford the other forms of relief requested by the Motion.  *See* Report at 1.  The time for objections has passed, and there are no objections to the Report.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It

does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because there are no objections to the Report, the Court did not conduct a *de novo* review. Rather, the Court reviewed the Report for clear error. Finding none, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 128] is **AFFIRMED AND ADOPTED**.

2. Plaintiffs' Motion [ECF No. 119] is **GRANTED** *in part*.

3. The parties are directed to file a joint stipulation of dismissal with prejudice **on or before April 25, 2022**. The Court will not retain jurisdiction to further enforce the September 3, 2021 settlement agreement.

4. Any pending motions are hereby **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of April, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record
      Magistrate Judge Jared M. Strauss